IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTISAN AND TRUCKERS CASUALTY COMPANY            3:13-cv-00389-BR
and PROGRESSIVE INSURANCE GROUP,
                                                 OPINION AND ORDER
            Plaintiffs,

v.

JOHN ZACCAR CRANLEY NORTHWEST PILOT CAR
SERVICE; NORTHWEST PILOT CAR SERVICE;
LANDSTAR INWAY, INC.; LANDSTAR CARRIER
GR; SHONTA MONIQUE WILLIAMS;
CHRISTOPHER L. WHITE; BNSF RAILWAY
COMPANY; FORD MOTOR CREDIT; SUE
CRANLEY; and JOHN ZACCAR CRANLEY,

            Defendants.

_____

BNSF RAILWAY COMPANY, CHRISTOPHER L.
WHITE, and SHONTA MONIQUE WILLIAMS,

            Counterclaimants,

v.

ARTISAN AND TRUCKERS CASUALTY COMPANY
and PROGRESSIVE INSURANCE GROUP,

            Counterclaim Defendants.

**MICHAEL T. STONE**
Brisbee & Stockton, LLC
139 N.E. Lincoln Street
P.O. Box 567
Hillsboro, OR 97123
(503) 648-6677

> Attorneys for Plaintiffs-Counterclaim Defendants

**JAMES L. HILLER**
Hitt Hiller & Monfils, LLP
411 S.W. Second Avenue
Suite 400
Portland, OR 97204
(503) 228-8870

> Attorneys for Defendants John Zaccar Cranley
> Northwest Pilot Car Service; Northwest Pilot
> Car Service; Landstar Inway, Inc.; Landstar
> Carrier GR; Sue Cranley; and John Zaccar Cranley

**JOHNSTON A. MITCHELL**
**CHRISTINE COERS-MITCHELL**
Coers Mitchell Law LLC
2100 N.E. Broadway Street
Suite 105
Portland, OR 97232
(503) 719-6795

> Attorneys for Defendants-Counterclaimants
> Shonta Monique Williams and Christopher L. White

**DANIEL F. KNOX**
**DAVID ARDEN ANDERSON**
**NOAH JARRETT**
Schwabe, Williamson & Wyatt, PC
1211 S.W. Fifth Avenue
Suites 1600-1900
Portland, OR 97204
(503) 796-2908

> Attorneys for Defendant-Counterclaimant BNSF
> Railway Company

2 - OPINION AND ORDER

**CHELSEA S. LEWANDOWSKI**
Weil & Lewandowski, LLP
One Lincoln Center
10300 S.W. Greenburg Road
Suite 430
Portland, OR 97223
(503) 226-0500

**JOHN W. WEIL**
Hooper, Englund & Weil, LLP
1001 S.W. Fifth Avenue
Suite 2150
Portland, OR 97204
(503) 226-0500

      Attorneys for Defendant Ford Motor Credit

**BROWN, Judge.**

    This matter comes before the Court on the following Motions:

    1.  Motion (#14) for Summary Judgment filed by Defendant-Counterclaimant BNSF Railway Company and joined by Defendants John Zaccar Cranley Northwest Pilot Car Service; Northwest Pilot Car Service; John Zaccar Cranley; Landstar Inway, Inc.; Landstar Carrier GC; Sue Cranley (collectively referred to as Cranley Defendants); and Defendants-Counterclaimants Christopher L. White and Shonta Monique Williams and

    2.  Cross-Motion (#20) for Summary Judgment filed by Plaintiffs.

    For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** BNSF's Motion for Summary Judgment joined by the Cranley Defendants, Christopher L. White, and Shonta Monique Williams and **DENIES** Plaintiffs' Cross-Motion for Summary

Judgment.    In addition, the Court **DISMISSES** Defendant Ford Motor
Credit from this action.


## BACKGROUND

The following facts are undisputed and taken from the
parties' submissions on summary judgment.

Plaintiffs brought this action against Defendants seeking a
declaration that Plaintiffs have neither a duty to defend nor to
indemnify their insured, Defendant Sue Cranley, in an ongoing
Texas tort lawsuit.  With the exception of Ford, Defendants in
this action are the parties involved in the motor vehicle and
train accident that is the subject of the Texas lawsuit.

On June 3, 2011, Defendant Sue Cranley drove a pilot car for
Defendant John Cranley's tractor and flatbed trailer.  During the
trip, John Cranley's truck became stuck on a set of railroad
tracks.  The Cranleys' attempts to free the truck were
unsuccessful, and a train operated by BNSF and driven by
Defendants Williams and White crashed into John Cranley's truck.
Williams and White suffered injuries in the accident.  The pilot
car driven by Sue Cranley was not physically involved in the
accident.

Williams and White filed a complaint in Texas state court
alleging negligence on the part of the Cranleys, BNSF, and
Landstar Inway, Inc., the owner of the truck.  The plaintiffs in

4 - OPINION AND ORDER

the Texas action alleged Sue Cranley was "acting as a pilot car
driver" for John Cranley and even though her vehicle was not
physically involved in the accident, Sue Cranley was negligent
because she "failed to assist John Z. Cranley in complying with
applicable Texas Transportation Code provision [sic]." Compl.
Ex. A at 3.

BNSF filed a crossclaim in the Texas action against Landstar
Inway and the Cranleys in which BNSF alleged the accident was
proximately caused by the negligence of the other defendants and
sought additional damages for property damage sustained by BNSF.
BNSF alleged Sue Cranley failed to:

> (a)   scout the route in advance to determine any
>       areas where the low trailer may have issues
>       with clearance;
> (b)   determine whether John Z. Cranley's vehicle
>       with the trailer as configured would clear
>       the crossing before attempting to cross the
>       tracks;
> (c)   provide BNSF with reasonable advance notice
>       prior to John Z. Cranley's attempt to cross
>       the tracks as required by Texas
>       Transportation Code 545.255;
> (d)   instruct, direct or advise John Z. Cranley to
>       raise or elevate his low trailer before
>       attempting to cross the crossing in question;
> (e)   immediately contact BNSF using the number
>       posted at the crossing when the trailer on
>       the vehicle she was piloting became disabled
>       on the crossing;
> (f)   assist John Z. Cranley to take proper and
>       reasonable evasive action to avoid being
>       struck by the train;
> (g)   act as a reasonable person of prudence would
>       have acted under the same or similar
>       circumstances;
> (h)   direct John Z. Cranley to stop before
>       attempting to cross the tracks;

> (I)    keep a proper lookout;
> (j)    maintain proper piloting of the vehicle;
> (k)    heed warning signs; and
> (l)    determine the laws of the State of Texas that
>        would apply to John Z. Cranley and the
>        vehicle and trailer to aid with compliance of
>        the same.

BNSF Answer and Countercl., Ex. A at 3-4.

As noted, Plaintiffs insure the pilot car driven by Sue Cranley and filed the action in this Court seeking a declaration that Plaintiffs do not have a duty to defend Sue Cranley in the Texas lawsuit or to indemnify her for any resultant damages. BNSF, as well as Defendants White and Williams, filed Counterclaims seeking a declaration that Plaintiffs have a duty both to defend and to indemnify Sue Cranley.

Plaintiffs named Ford as a defendant in this action even though Ford is not a party to the Texas litigation. Ford is, however, listed as a loss payee on the pilot vehicle's insurance policy.

BNSF, joined by the Cranley Defendants as well as Defendants White and Williams, move for summary judgment as to BNSF's Counterclaim and against Plaintiffs' claims set out in their Complaint on the grounds that Plaintiffs have a duty to defend and to indemnify under the insurance policy because the accident arose "out of the ownership, maintenance or use" of the insured automobile. Plaintiffs, in turn, filed a Cross-Motion for Summary Judgment in which they assert they do not have a duty to

defend or to indemnify because (1) Sue Cranley failed to provide Plaintiffs with timely notice of her claim and (2) the accident did not "arise out of the ownership, maintenance or use" of the insured automobile.  Ford opposes Plaintiffs' Motion for Summary Judgment in its own right on the ground that the Court lacks subject-matter jurisdiction over Plaintiffs' claim for a declaration as to Ford because no live case or controversy exists between Plaintiffs and Ford.

**STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id.*  "This burden is not a light one. . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

Although the parties each move for summary judgment on their own claims as well as to foreclose the claims of opposing parties, the resolution of the respective Motions is guided by the same analysis.  Accordingly, the issues raised in these Motions are addressed together.

## I.   Misjoinder of Ford

Although Ford characterizes its argument as based on subject-matter jurisdiction, it is, in effect, based on misjoinder under Federal Rule of Civil Procedure 21.  Ford contends its status as a loss payee on Defendant Sue Cranley's insurance policy does not make it a proper party to this action because Ford does not have a stake in either this action or the underlying Texas litigation.  Plaintiffs, however, assert Ford is a necessary party because Ford's interest as a loss payee under the insurance policy is relevant to this case and a determination that coverage applies could adversely affect Sue Cranley's insurance policy.

If a plaintiff fails to meet the standard for permissive joinder, the court may sever the misjoined parties as long as a substantial right would not be prejudiced by the severance. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013).  Permissive joinder of a defendant is proper if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

Ford is listed as a loss payee on Defendant Sue Cranley's automobile insurance policy.  Thus, if Sue Cranley's automobile was damaged or destroyed, Ford would be entitled to at least a portion of the insurance proceeds in satisfaction of its remaining interest in the automobile.  A loss payee is generally a proper party when the action concerns loss to the insured property.  *See Continental Ins. Co. of New York v. Cotten*, 427 F.2d 48, 51 (9th Cir. 1970).

Here, however, the Texas pleadings do not contain an allegation that Sue Cranley's vehicle was damaged in the accident, and, in fact, the pleadings in the case before this Court make clear that Sue Cranley's vehicle was not physically involved in the accident.  *See* Compl. ¶¶ 17, 18.  Thus, there is no provable set of facts under the pleadings in the Texas action that would implicate Ford's status as a loss payee under the insurance policy covering Sue Cranley's vehicle.

In summary, Plaintiffs seek a declaration regarding the rights and responsibilities of the parties in relation to the Texas lawsuit in which Defendant Ford is not presently a party and in which the facts do not reflect Ford has a direct interest

in the outcome of the case nor that Ford could ever become a party.  The relief sought as to Ford, therefore, does not arise from the same transaction or occurrence as that of the other Defendants and a substantial right will not be prejudiced by Ford's dismissal.

On this record, therefore, the Court concludes Ford was misjoined as a party, and, therefore, the Court dismisses Ford from this case pursuant to Federal Rule of Civil Procedure 21.

## II.  Duty to Defend and to Indemnify

Plaintiffs contend they do not have a duty to defend or to indemnify Sue Cranley under the insurance policy because she failed to provide Plaintiffs with timely notice of the accident and the accident did not "arise out of the ownership, maintenance or use" of the insured auto within the meaning of the insurance policy.  Conversely, the remaining Defendants argue they are entitled to a declaration that Plaintiffs have a duty to defend and to indemnify because Plaintiffs were not prejudiced by any delay in providing notice and the accident arose "out of the ownership, maintenance or use" of Sue Cranley's insured auto.

The parties agree whether Plaintiffs have a duty to defend and to indemnify Sue Cranley is controlled by Oregon law.

### A.  Timely Notice

"When an insured fails to give immediate notice to its insurer of a possible claim, the viability of the insurer's

policy obligation turns on a two-part inquiry:  (1) whether the
insurer was prejudiced by the delayed notice; and (2) if the
insurer was prejudiced, whether the insured acted reasonably in
failing to give notice at an earlier time."  *Employers Ins. of
Wausau v. Tektronix, Inc.*, 211 Or. App. 485, 494 (2007).  "The
insurer has the burden of demonstrating prejudice."  *Id.* at 495.

Plaintiffs argue Sue Cranley's notice to Plaintiffs was
untimely because she did not tender notice of the accident until
February 15, 2012, which was more than eight months after the
accident occurred and shortly after Defendants White and Williams
filed their petition in Texas state court.  Plaintiffs assert a
presumption of prejudice arises if an insured's failure to give
notice results in unreasonable delay.  Plaintiffs rely on *PSI
Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705 (Ind. App. 2004),
to support their position.

The presumption of prejudice as set out in *PSI Energy*,
however, is inconsistent with Oregon law because it reverses the
inquiry required by *Employers Insurance of Wausau*:  Whereas
Indiana law permits a presumption of prejudice to arise upon a
finding of unreasonable delay, Oregon law requires the insurer
to show prejudice *before* the court may inquire into the
reasonableness of the delay.  *See Employers Ins. of Wausau*, 211
Or. App. at 494-95.  Because Plaintiffs do not show any prejudice
caused by Sue Cranley's delayed notice as required under Oregon

law, this Court need not determine whether the delay was reasonable. Thus, the Court concludes Plaintiffs cannot avoid the duty to defend or to indemnify Sue Cranley on the ground that she provided untimely notice of the accident.

**B.    Coverage under the Terms of the Policy**

Plaintiffs' duty to defend their insured hinges on whether the terms of the insurance policy cover the facts as pled in the underlying litigation. *Bresee Homes, Inc. v. Farmers Ins. Exchange*, 353 Or. 112, 116 (2012). Whether Plaintiffs have a duty to indemnify their insured is determined "on the basis of the ultimate facts proven at trial or . . . the facts that formed the basis for the settlement." *Id.* at 126.

In interpreting an insurance policy, the court determines the intent of the parties based on the terms and conditions of the policy. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992). If the terms of the policy are unambiguous, the analysis ends and the unambiguous terms control. *Id.* at 470. If there are multiple plausible interpretations of a term, however, the court examines the term in light of the "particular context in which that term is used in the policy and the broader context of the policy as a whole." *Id.* If the term remains ambiguous in light of its context, then the term will be construed against the insurer. *Id.*

The relevant provision of the insurance policy at issue in

this case provides:

> Subject to the Limits of Liability, if you pay the
> premium for liability coverage, we will pay
> damages for bodily injury, property damage, and
> covered pollution cost or expense, for which an
> insured becomes legally responsible because of an
> accident arising out of the ownership, maintenance
> or use of an insured auto.

> . . .

> We will settle or defend, at our option, any claim
> or lawsuit for damages covered by this Part I.

Pl.'s Compl., Ex. C at 9, 30.  It is undisputed that the

controlling question in determining whether Plaintiffs have a

duty to defend and to indemnify Sue Cranley is whether the

accident "ar[ose] out of the ownership, maintenance or use of an

insured auto."

### 1.  Duty to Defend

The insurer's duty to defend is determined exclusively

by reference to the insurance policy and the pleadings in the

underlying action.  *Bresee Homes*, 353 Or. at 116.  *See also*

*Cooper v. Commonwealth Land Title Ins. Co.*, 73 Or. App. 539,

541-44 (1985)(determining an insurer's duty to defend based on a

counterclaim).  "'An insurer has a duty to defend an action

against its insured if the claim against the insured stated in

the complaint could, without amendment, impose liability for

conduct covered by the policy.'"  *Bresee Homes*, 353 Or. at 116

(quoting *Ledford v. Gutoski*, 319 Or. 397, 399-400 (1994)).  The

duty to defend arises if the "'complaint provides *any basis* for

14 - OPINION AND ORDER

which the insurer provides coverage'" even if some of the conduct alleged in the pleadings falls outside of the policy's coverage. *Id.* (emphasis in original). "'Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured.'" *Id.*

Oregon courts have frequently considered the meaning of the phrase "arising out of the ownership, maintenance or use" of an insured vehicle. There is a "continuum of causal connection" upon which the court must "locate the factual situation alleged in [the complaint]." *Oakridge Community Ambulance Serv., Inc. v. United States Fid. & Guar. Co.*, 278 Or. 21, 25 (1977). For the duty to defend to arise, "[t]he injury must originate from, be incident to or have a connection with the use of the vehicle." *Jordan v. Lee*, 76 Or. App. 472, 475 (1985). "[T]he vehicle need not be the direct or legal cause of the injury." *Id.* An injury does not arise out of the use of an automobile, however, if "it was directly caused by some act wholly disassociated from and independent of the vehicle's use." *Id.* *See also Worldwide Underwriters Ins. Co. v. Jackson*, 121 Or. App. 292, 295 (1993); *Atlanta Cas. Co. v. Orr*, 141 Or. App. 441, 444 (1996).

On one end of the continuum Oregon courts have found an insufficient causal connection when the injury was caused by an action wholly dissociated from the use of the vehicle or when the risks from which the party claiming coverage was seeking

15 - OPINION AND ORDER

protection were not those typically covered by automobile insurance. *See, e.g., Worldwide Underwriters*, 121 Or. App. at 294-96 (injuries sustained in drive-by shooting were caused by the firing of a gun, which was "wholly dissociated" from the use of the vehicle); *Jordan*, 76 Or. App. at 474-76 (rejecting coverage when a child was accidentally shot while a friend was playing with a gun stored in the car); *First Far West Transp. V. Carolina Cas. Ins. Co.*, 47 Or. App. 339, 341-42 (1980)(lessor of truck not covered by the deceased lessee's auto insurance when a defect in the truck caused the crash because the risk of defect was "more appropriately thought of as risks inherent in the operation of plaintiff's business.").

On the other end of the continuum, Oregon courts have found the requisite causal connection when the accident was caused by an action that was at least an "incidental part" of using the vehicle. *See, e.g., Atlanta Cas.*, 141 Or. App. at 443-45 (finding coverage for an accidental shooting when a gun stored in the vehicle discharged after being jostled in the course of loading the vehicle).

Most relevant to this case, however, is the Oregon Supreme Court's finding as to coverage in *Oakridge Community Ambulance* in which the plaintiffs alleged the decedent's death was caused by Oakridge's "failure to have an ambulance at the scene of the accident within a reasonable period of time." 278

16 - OPINION AND ORDER

Or. at 23.   The plaintiffs specifically alleged the delay in the
ambulance's arrival was caused by Oakridge's "failure to
accurately receive directions to the scene of the accident."   *Id.*
at 23-24.   The court readily concluded there was not any coverage
for Oakridge's alleged negligence in failing to "accurately
receive directions."   *Id.* at 26-27.   The court found, however,
that other allegations in the complaint were general enough to
hypothetically permit the decedent's estate to introduce evidence
that the delay was caused by negligent maintenance or operation
of the ambulance and concluded such allegations triggered the
duty to defend.   *Id.* at 27-28.

        In this case the pleadings in the Texas litigation
contain allegations that could provide a basis for liability
covered by the insurance policy.   In its crossclaim in the Texas
litigation, for example, BNSF alleges the accident was caused by,
among other things, Sue Cranley's failure to keep a proper
lookout, to maintain proper piloting of the vehicle, to heed
warning signs, and to act as a reasonable person of prudence
would have acted under the same or similar circumstances.   BNSF's
Answer and Countercl., Ex. A at 3-4.   These allegations are broad
enough to permit BNSF to introduce evidence that the injury
originated from, was incident to, and/or had a connection with
Sue Cranley's use of the vehicle.   *See Jordan*, 76 Or. App. at
475.   The Court, therefore, concludes because the pleadings

provide "*any basis* for which the insurer provides coverage,"
Plaintiffs have a duty to defend Sue Cranley in the Texas
litigation.  *See Bresee Homes*, 353 Or. at 116.  Accordingly, as
to the duty to defend, the Court grants BNSF, the Cranley
Defendants, and Defendants Williams and White's Motion (#14) for
Summary Judgment as to BNSF's Counterclaim and Plaintiffs' claims
in their Complaint.

### 2.  Duty to Indemnify

As noted, an insurer's duty to indemnify turns on
whether the accident "[arose] out of the ownership, maintenance
or use" of an insured auto based on the "ultimate facts proven at
trial or . . . the facts that formed the basis for the
settlement."  *Id.* at 126.  Although the pleadings in the Texas
litigation contain allegations that permit the parties to
introduce evidence that the accident arose "out of the ownership,
maintenance or use" of Sue Cranley's vehicle, the pleadings also
contain allegations that may fall outside of the scope of
coverage.  Thus, because the Texas litigation remains unresolved,
this Court cannot determine at this stage whether Plaintiffs have
a duty to indemnify Sue Cranley.

Accordingly, the Court denies as premature the parties'
Motions for Summary Judgment with respect to the duty to
indemnify with leave to renew at a later date if appropriate.

## CONCLUSION

For these reasons, the Court **DISMISSES** Ford as a party pursuant to Federal Rule of Civil Procedure 21.

The Court **GRANTS in part** and **DENIES in part** BNSF's Motion (#14) for Summary Judgment joined by the Cranley Defendants and Defendants Williams and White and **DECLARES** Plaintiffs have a duty to defend Sue Cranley in Case No. 2011-44266 in the District Court of Harris County, Texas, 189th Judicial District.   The Court, however, **DENIES as premature** BNSF's Motion (#14) for Summary Judgment joined by the Cranley Defendants and Defendants Williams and White as to Plaintiffs' duty to indemnify Sue Cranley with leave to amend at a later date if appropriate.   The Court also **DENIES** Plaintiffs' Cross-Motion (#20) for Summary Judgment based on the same analysis.

Finally, the Court **STAYS** this action until **July 3, 2014**, or until the underlying Texas litigation is resolved, whichever comes first.   If the Texas litigation is resolved first, the parties shall advise the Court within ten days of resolution.

IT IS SO ORDERED.

DATED this ___3rd___ day of January, 2014.


ANNA J. BROWN
United States District Judge